# IN THE COURT OF APPEALS OF IOWA

No. 20-1213
Filed November 30, 2020

**IN THE INTEREST OF M.M. and M.M.,**
**Minor Children,**

**T.A., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Jennifer S. Bailey, District Associate Judge.

A mother appeals a permanency order entered in a child-in-need-of-assistance proceeding. **AFFIRMED.**

Ryan D. Gerling of Cray Law Firm, PLC, Burlington, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Heidi D. Van Winkle, Burlington, attorney and guardian ad litem for minor children.

Considered by Doyle, P.J., and May and Schumacher, JJ.

**DOYLE, Presiding Judge.**

A mother appeals a permanency order entered in a child-in-need-of-assistance (CINA) proceeding. These proceedings are the latest in the history of a family's involvement with the Iowa Department of Human Services (DHS) that extends back to 2011, when the younger child was an infant. The DHS was involved with the family from 2011 to 2013 and again for nine months in 2015. The juvenile court adjudicated the children to be CINA in 2017, but dismissed the action in July 2018.

This action began in August 2019, when the mother agreed to the children's removal and another CINA petition was filed. The juvenile court again adjudicated the children to be CINA in September 2019. One year later, in September 2020, the juvenile court entered a permanency order that changed the permanency goal to transfer custody and guardianship of the older child to a grandparent and sole custody of the younger child to the child's father. *See* Iowa Code § 232.104(2)(d)(1), (2) (2019). On appeal, the mother challenges evidentiary rulings and the State's efforts to reunify the family. She also seeks more time to prove the children can be returned to her care.

We review CINA proceedings de novo. *See In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). We give weight to the juvenile court's fact findings although they are not binding. *See id.* We review evidentiary rulings for an abuse of discretion. *See In re N.N.*, 692 N.W.2d 51, 54 (Iowa Ct. App. 2004). We reverse only if the mother was prejudiced by the court's exclusion of the evidence. *See Whitley v. C.R. Pharmacy Serv., Inc.*, 816 N.W.2d 378, 385 (Iowa 2012).

**I. Evidentiary Rulings.**

The mother offered two exhibits into evidence at the permanency hearing. Each exhibit is a chart that summarizes the mother's testimony about her purported participation with services offered by the State. The State objected to the exhibits because they failed to meet the requirements of Iowa Rule of Evidence 5.1006. The rule provides, in part: "The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." The State argued it did not "think that the content of the CINA file . . . with all the evidence, FSRP reports as testified to and DHS reports" would meet the definition of voluminous records under the rule. The guardian ad litem objected on the same ground and disputed the accuracy of the mother's claims of participation, noting that the FSRP and DHS reports provide a more accurate picture of the mother's participation and that the court is accustomed to reviewing such reports—"the reports are what the State and the Court and the Appellate Court is all used to seeing." Concluding the exhibits were duplicative of the record evidence, the juvenile court denied their admission.

The juvenile court acted within its discretion when it denied the mother's demonstrative exhibits because they fail to meet the requirements of rule 5.1006. But even if an abuse of discretion occurred, the juvenile court noted that the mother's testimony and the transcript of it provide the same evidence. Given the cumulative nature of the evidence, the mother cannot show she was prejudiced by their denial. *See N.N.*, 692 N.W.2d at 54 (noting that the risk of prejudice is low risk when the court denies cumulative evidence).

**II. Reasonable Efforts.**

The mother contests the juvenile court's finding that the State made reasonable efforts to correct the situation that led to the children's removal. The reasonable-efforts obligation requires the State to "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child" when it removes a child from a parent's care. *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). But just as the State has an obligation to make reasonable efforts, "a parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005). Because the mother failed to do so, error is not preserved for our review.[1] *See id.* (concluding parent failed to preserve reasonable-efforts challenge by failing to request different or additional services before the permanency hearing).

Even if the mother preserved error on her reasonable-efforts challenge, it lacks merit. The DHS has offered the family services on and off since 2011. In its permanency order, the juvenile court listed the potpourri of services that the State had provided to the family since July 2019. The mother's argument focuses on the DHS's reduction in services during the COVID-19 pandemic.[2] But in determining

---

[1] The mother claims that she preserved error by raising the issue at the time of the hearing and by filing a notice of appeal. But both are insufficient. *See C.B.*, 611 N.W.2d at 493-94 ("We have repeatedly emphasized the importance for a parent to object to services early in the process so appropriate changes can be made."); Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006) ("However error is preserved, it is not preserved by filing a notice of appeal.").

[2] As explained in *In re A.H.*, 950 N.W.2d 27, ___ n.6 (Iowa Ct. App. 2020):

what efforts are required, the paramount concern is the children's health and safety. *See* Iowa Code § 232.102(12)(a) (defining reasonable efforts). The reduction of services during the pandemic related to health and safety concerns for all parties involved in the CINA proceedings. The reasonable-efforts requirement has been satisfied.

**III. Extension of Time.**

The mother also asks for more time. Iowa Code section 232.104(2)(b) allows the court to continue a child's placement for six months after a permanency hearing. But to do so, the court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b).

We are unable to conclude that extending the time for permanency will eliminate the children's need for removal in six months. Although the DHS has offered services to this family since 2011, the issues that led to the CINA adjudication persist. One of these issues is the mother's substance use. The mother has a long history of substance use and relapsed most recently in May 2020. Although she was sober for six months during the CINA proceedings, she has a history of relapsing after limited periods of sobriety. "[I]n considering the

---

The novel coronavirus/COVID-19 is an ongoing international pandemic. To stem the spread, governments, including the state of Iowa, implemented emergency safeguards recommended by such agencies as the Center for Disease Control, which included social distancing and wearing of face masks. In Iowa, many businesses were ordered closed, people were encouraged to maintain six-foot distances between one another, and gatherings of ten or more people were discouraged.

impact of a drug addiction, we must consider the treatment history of the parent to gauge the likelihood the parent will be in a position to parent the child in the foreseeable future." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998).

Based on the record before us, we are unable to find that the need for the children's removal will be eliminated if we grant the mother more time. The mother's substance use prevents the mother from parenting the children. *See In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) (noting that "unresolved, severe, and chronic drug addiction can render a parent unfit to raise children"). For that reason, we affirm the permanency order entered by the juvenile court.

**AFFIRMED.**